1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIM B. KIMBALL,<br><br>                 Plaintiff,<br>     v.<br><br>BAC HOME LOANS SERVICING, LP AND<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS,<br><br>                 Defendant. | Case No.: 10-CV-05670-LHK<br><br>ORDER DENYING PLAINTIFF'S EX<br>PARTE APPLICATION FOR<br>TEMPORARY RESTRAINING ORDER<br><br>(re: docket #3) |

      On December 14, 2010, Plaintiff Jim B. Kimball, proceeding with counsel, filed a Complaint seeking the prevention of foreclosure on property located at 1720 Grace Avenue, San Jose, California. *See* Dkt. #1. Named Defendants are BAC Home Loans Servicing, LP and Mortgage Electronic Registration Systems ("MERS"). The Complaint includes four causes of action: (1) estoppel/declaratory judgment; (2) declaratory judgment; (3) quiet title; and (4) refund, fees, and costs. On February 4, 2011, Plaintiff filed an ex parte application for a temporary restraining order ("TRO"), seeking to enjoin Defendants from proceeding with a foreclosure sale of the Property scheduled for February 10, 2011. *See* Dkt. #3. There is no record of Plaintiff serving upon Defendants *either* the December 14, 2010 Complaint or the February 4, 2011 ex parte application for a TRO. Counsel for Defendants has not appeared. The case was reassigned to this Court on February 7, 2011. For the following reasons, Plaintiff's ex parte application for a TRO is DENIED.

1

## I.  LEGAL STANDARDS

Because Plaintiff seeks issuance of a TRO without notice to the Defendant, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for *ex parte* orders set forth in Federal Rule of Civil Procedure 65(b).  The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  In lieu of establishing likelihood of success on the merits, a plaintiff may secure preliminary injunctive relief by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *See Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010)*Id*.  A plaintiff must still meet the other *Winter* factors.  *Id*.

Federal Rule of Civil Procedure 65(b)(1) states that the court may issue a temporary restraining order without notice only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Also related to notice, the Court's Local Rule 65-1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

## II.  ANALYSIS

As a preliminary matter, Plaintiff's counsel has not alleged *any* effort to give Defendants notice of the filing of the ex parte application for a TRO or *any* reasons why such notice should not be required per Federal Rule 65(b)(1) and Local Civil Rule 65-1(b).  Pursuant to Civil Local Rule

2

United States District Court
For the Northern District of California

11-4(a)(2), attorneys practicing before this Court must comply with the Local Rules of this Court. Moreover, Plaintiff has not even served Defendants with the December 14, 2010 Complaint, which would have at least provided Defendants with some notice of the action, let alone Plaintiff's request for the extraordinary remedy of preliminary injunctive relief.

Deficiencies with service and notice aside, the Court recognizes that loss of one's home may constitute irreparable harm. *See Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6, 2010). However, Plaintiff has not demonstrated a likelihood of success on the merits, or even that "serious questions" going to the merits are raised. Plaintiff's four causes of action are all premised on vague allegations that Plaintiff's loan was pooled with other loans in a "securitization scheme" and that Defendants have failed to produce any evidence of the "true note holder's identity." *See, e.g.*, Compl. at 1. Plaintiff's ex parte application for a TRO adds the allegation that Plaintiff has "contacted the defendants to try to work out a loan modification or something similar," but that Defendants continue to proceed with a wrongful foreclosure. *See* Pl.'s Ex Parte App. for TRO at 2.

The Court gathers that Plaintiff challenges the foreclosure sale because the trustee noticing the sale does not have possession of the Note. However, under California law, there is no requirement that the trustee have possession of the physical note before initiating foreclosure proceedings. *See, e.g., Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 U.S. Dist. LEXIS 111557, at * 23-*25 (N.D. Cal. Nov. 30, 2009) (citing cases); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09-cv-01718-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *9-*11 (E.D. Cal. Apr. 29, 2010); *Benham v. Aurora Loan Servs.*, No. 09-2059 SC, 2010 U.S. Dist. LEXIS 11189, 2010 WL 532685 at *2-*3 (N.D. Cal., Feb. 9, 2010). In addition, under California law, a borrower may not assert quiet title without first paying the outstanding debt on the property. *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted). Plaintiff has not alleged that he has paid the outstanding debt on the Property, or even alleged that he can do so.

Case No.: 10-CV-05670-LHK
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TRO

United States District Court
For the Northern District of California

**III.  CONCLUSION**

Plaintiff has failed to demonstrate likelihood of success on the merits; therefore his ex parte application for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: February 9, 2011

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No.: 10-CV-05670-LHK
ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TRO

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28