1   David S. Reidy (SBN 225904)
    dreidy@reedsmith.com
2   Matthew J. Brady (SBN 254333)
    mbrady@reedsmith.com
3   REED SMITH LLP
    101 Second Street, Suite 1800
4   San Francisco, CA  94105-3659
    Telephone:     +1 415 543 8700
5   Facsimile:     +1 415 391 8269

6   Attorneys for Defendant
    Countrywide Home Loans, Inc. dba America's
7   Wholesale Lender, BAC Home Loans Servicing,
    LP, and Mortgage Electronic Registration
8   Systems, Inc.

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  JIM B. KIMBALL,                          Case No. CV10-05670

12              Plaintiff,                    **NOTICE OF MOTION AND MOTION TO
                                             DISMISS PLAINTIFF'S FIRST AMENDED
13         vs.                                COMPLAINT; MEMORANDUM OF
                                             POINTS AND AUTHORITIES IN
14  AMERICA'S WHOLESALE LENDER;              SUPPORT THEREOF**
    COUNTRYWIDE HOME LOANS, INC.; BAC
15  HOME LOAN SERVICING, LP, and             [Fed. R. Civ. Proc. 12(b)(6)]
    MORTGAGE ELECTRONIC REGISTRATION
16  SYSTEMS; and DOES 1-10,                  [Filed concurrently with [Proposed] Order and
                                             Request for Judicial Notice]
17              Defendant.
                                             Date:         June 16, 2011
18                                           Time:         1:30 p.m.
                                             Place:        Dept. 4
19
                                             First Amended FAC Filed: March 4, 2011
20                                           Honorable Lucy Koh

21

22

23       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24       **PLEASE TAKE NOTICE** that on June 16, 2011, at 1:30 p.m.., or as soon thereafter as the

25  matter may be heard, in Department 4 of the United States District Court for the Northern District of

26  California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, defendants

27  Countrywide Home Loans, Inc., BAC Home Loan Servicing, LP, and Mortgage Electronic

28  Registration Systems (collectively "Defendants") will and hereby move this Court pursuant to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. CV10-05670                          – 1–                          US_ACTIVE-105586192.1

Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint of

Plaintiff Jim Kimball, and each cause of action alleged therein against Defendants, on the grounds

that the First Amended Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

of Points and Authorities, the concurrently filed Request for Judicial Notice, the court records and

files, and upon such other matters that the Court may consider at the hearing on the Motion.

DATED: April 1, 2011.

REED SMITH LLP

By_____/s/ Matthew J. Brady_____
    Attorney for Defendants
    Countrywide Home Loans, Inc. dba America's
    Wholesale Lender, BAC Home Loans Servicing,
    LP, and Mortgage Electronic Registration Systems,
    Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I.      INTRODUCTION

Plaintiff Jim Kimball's First Amended Complaint ("FAC") suffers from the same failures as the original complaint; Plaintiff has not pled facts sufficient to state a claim against Countrywide Home Loans, Inc. dba America's Wholesale Lender ("CHL"), BAC Home Loans Servicing, LP ("BACHL") or Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").   The FAC is a confusing mess of nonsensical allegations and legal conclusions that find no support in statutory or caselaw.  At bottom, Plaintiff complains of the pending foreclosure of his property.  But, rather than accept foreclosure as a legal consequence of failing to pay his mortgage, Plaintiff lashes out with wild and outlandish allegations against all parties associated with the funds he willingly borrowed to purchase his home.  The Court should see through Plaintiff's transparent attempt to postpone foreclosure, as it already has when it denied his request for a temporary restraining order, and dismiss the FAC.

Over five years after taking out two home loans to purchase his residence, Plaintiff now complains of the most basic facts regarding his loans and the corresponding deeds of trust.  But Plaintiff has no legal entitlement to the free house he now seeks, nor does Plaintiff have any entitlement to the loan modification he now seeks.  Indeed, publicly recorded documents and documents in Plaintiff's possession conclusively rebut the positions he now espouses.  The FAC is fatally deficient in at least the following ways:

- Plaintiff's challenge to the foreclosure proceedings fails for lack of tender;

- Plaintiff's underlying "produce the note" theory is meritless;

- Plaintiff's first cause of action for declaratory relief fails because Plaintiff has failed to plead an underlying controversy;

- Plaintiff's second and third causes of action for intentional and negligent misrepresentation are inadequately pled;

- Plaintiff's fourth cause of action for quiet title fails because Plaintiff has not tendered, and in fact declared his inability to do so;

- Plaintiff's fifth cause of action for lack of formation of contract is impossibly vague;

– 1–

US_ACTIVE-105586192.1

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- Plaintiff's sixth cause of action for breach of the covenant of good faith and fair dealing fails because he has not been denied any benefits under the notes or deeds of trust.

As a result, Plaintiff fails to allege facts sufficient to support their claims against Defendants. As Plaintiff's underlying theory affords them no relief and amendment would therefore be futile, this Motion should be granted without leave to amend.

## II.    FACTUAL ALLEGATIONS

On July 14, 2005 Plaintiff entered into two loan agreements with CHL for $543,200 (primary) and $67,900 (home equity line of credit) to purchase real property located at 1720 Grace Avenue, San Jose, CA.  Request for Judicial Notice, Ex. A (Primary Deed of Trust), B (HELOC Deed of Trust).  The notes were secured by Deeds of Trust.  RJN, Ex. A, B.  At some point, Plaintiff stopped paying his mortgages due to financial difficulties and the property is now in foreclosure. FAC ¶ 17; RJN Ex. C (Notice of Default).

CHL is the lender on Plaintiff's notes.  BACHLS is the servicer of Plaintiff's loans.  MERS is the beneficiary under both deeds of trust. RJN, Ex. A, p. 2, B, p. 1.  To the extent discernable, Plaintiff alleges the following factual allegations in support of his entitlement to relief.  Plaintiff vaguely alleges that "Defendants have no right to foreclose" due to a pooling and securitization "scheme" that invalidates the notes and deeds that Plaintiff executed over five years ago.  FAC ¶ 5. Plaintiff further alleges that because there may be investors that actually funded his loans, that Defendants have no right to foreclose .  FAC ¶ 5.  Plaintiff also alleges that MERS is a sham entity and that its status as a beneficiary therefore invalidates the notes and deeds.  FAC ¶¶ 80-90.  Finally, Plaintiff vaguely alleges some wrongdoing in association with his attempts to get a loan modification from BACHLS.  FAC ¶¶  100-01.

Aside from being circular and confusing, none of Plaintiff's theories find any legal support in case law or statute.  Further, Plaintiff's attempts to create new obligations and legal requirements of the lending industry are unworthy of consideration and should be dismissed out of hand.

## III.    PROCEDURAL HISTORY

On February 9, 2011 the Court denied Plaintiff's request for a temporary restraining order

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

due to Plaintiff's failure to give notice and because Plaintiff's unopposed motion did not demonstrate a likelihood of success on the merits.  Doc. No. 8.  Plaintiff filed the FAC on March 4, 2011.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  .  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996).  The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.

2002).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered

with prejudice.  *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## IV.      LEGAL ARGUMENT

### A.      The FAC Fails for Lack of Tender[1]

While each cause of action fails on its own, Plaintiff's entire FAC suffers from at least one

central defect: Plaintiff failed to allege tender.  A debtor cannot challenge the foreclosure

proceedings without first credibly alleging tender: "When a debtor is in default of a home mortgage

loan, and a foreclosure is either pending or has taken place, the debtor must allege a *credible* tender

of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea*

*v. GE Money Bank*, No. 09-00091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (citing

California law) (emphasis added); *see also United States Cold Storage of California v. Great W.*

*Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a

trustor or his successor must tender the obligation in full as a prerequisite to challenge of the

foreclosure sale.").

The tender requirement applies to "any cause of action for irregularity in the sale procedure."

*Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming the sustaining of

demurrer without leave to amend for lack of tender of amounts due and owing under the loan);

*United States Cold Storage*, 165 Cal. App. 3d at 1225 (affirming judgment of nonsuit as a result of

plaintiff's failure to first make a full tender). "To hold otherwise would permit plaintiffs to state a

cause of action without the necessary element of damage to themselves."  *Arnolds Mgmt. Corp. v.*

*Eischen*, 158 Cal. App. 3d 575, 580 (1984).

This deficiency is in line with the Court's prior holding.  *See* Doc. No. 8, p. 3 (finding a low

likelihood of success due to lack of tender).  Plaintiff's conclusory allegation that "The Plaintiff has

the ability to pay the outstanding debt on the property should the proper party be determined" (FAC

¶ 142) is contradicted by Plaintiff's allegation that he "could no longer make payments."  FAC ¶

---

[1]      While this argument directly addresses Plaintiff's Quiet Title claim, it also addresses Plaintiff's other claims to
the extent that Plaintiff seeks to challenge the foreclosure proceedings.

101.  Further, the FAC makes it obvious that Plaintiff cannot and will not tender the funds due and owing under the Notes as he complains that he was not given a loan modification.  The obvious question that Plaintiff's conclusory allegation of tender leaves unanswered is, if Plaintiff can and will pay the outstanding debt, why have foreclosure proceedings been initiated in the first place?  The answer is that Plaintiff cannot or will not tender, and the entire proceeding should be dismissed on that ground.

**B.    Plaintiff's "Produce The Note Theory" Is Invalid And Therefore Fatal To Their Entire Action**

Plaintiff makes much of the fact that the Notes in this action may or may not have been securitized, and may have been funded by an entity other than CHL.  But that allegation is of absolutely no legal consequence.  Specifically, Plaintiff alleges that "[t]he First Trust Deed and Second Trust Deed was void upon execution" and that essentially *no one* has the right to foreclose.  FAC ¶ 145.  However, Plaintiff's machinations regarding the illegality of pooling and servicing of mortgages find no support in case law or statute.

California Civil Code sections 2924-2924i provide the exclusive framework governing non-judicial foreclosure in California.  *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.") (citing *Homestead Savings v. Darmiento*, 230 Cal. App. 3d at 424, 432-33 (1991)).  Under these statutes, if a deed of trust contains an express provision granting a power of sale, a "***trustee, mortgagee or beneficiary or any of their authorized agents***" may institute the foreclosure process.  Civ. Code § 2924(a)(1) (emph. added); *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005).  California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "*an agent for the mortgagee or beneficiary*, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  Civ. Code § 2924b(b)(4) (emphasis added).

ReconTrust recorded a Notice of Default in Santa Clara County "as an agent for the beneficiary."  RJN, Exh. C.  This recording was proper since agents of the mortgagee or beneficiary may record notice of default.  Civ. Code § 2924b(b)(4).  Pursuant to its authority as trustee under Civil Code § 2924(a)(1), ReconTrust recorded a Notice of Trustee's Sale.  RJN, Ex. D.  This chain

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

of events, displayed by the publicly-recorded documents before the Court, ends the inquiry.  Nothing more is legally required of entities that initiate foreclosure in California.  Plaintiff's attempts to create new legal obligations whole cloth, such as the investor's participation in the foreclosure process (FAC ¶ 119) or the requirement of proof that a trustee is the investor's agent (FAC ¶ 154(c)) is completely unfounded.

Further the Deeds of Trust, which constitute binding agreements contain provisions which directly address and rebut Plaintiff's chief complaint regarding pooling and servicing.  The primary deed of trust states that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  RJN Ex. A, p. 12.  Plaintiff's theory of recovery is factually and legally meritless.

**C.      Each of Plaintiff's Claims Fail Individually**

      **1.      Plaintiff's Fraud Claims Are Inadequately Pled**

Plaintiff's second and third causes of action level claims of misrepresentation against BACHLS in connection with Plaintiff's attempts at securing loan modification. FAC ¶¶ 123-138.  Plaintiff alleges that BACHLS represented that Plaintiff "may qualify" for a modification, but that in reality BACHLS had no interest in extending any such modification.  FAC ¶¶ 124, 127.  Plaintiff's claims are meritless for several reasons.   As a matter of pleading, Plaintiff has not pled his fraud claims with specificity.  Further, Plaintiff has not even made a bare allegation of any misrepresentation.  Indeed, the language of the FAC makes clear that the only "fraudulent" statement Plaintiff alleges is that BACHLS conditionally stated the Plaintiff "may qualify" for a modification.  This allegation does not amount to fraud.

      **a.      Plaintiff Fails To Plead The Elements Of Fraud And Fails To Meet The Requisite Degree Of Specificity**

Plaintiff's fraud claims fail because the FAC does not allege facts sufficient to meet the well-settled, heightened pleading standards for fraud.  A plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  Notably, "the allegations in a fraud action need not be liberally construed."  *Wilhelm v. Pray, Price,*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Plaintiffs must therefore plead every element of the cause of action with specificity.  *Goldrich v. Natural Y Surgical Specialties*, 25 Cal. App. 4th 772, 782 (1994); *see also Lazar*, 12 Cal. 4th at 645 (this requirement necessitates pleading facts which "show how, when, where, to whom, and by what means the representations were tendered").  In addition, when pleading fraud against a corporate defendant, the requirements are even greater – a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[2]  *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

There are simply not enough details regarding any allegedly fraudulent statements made by Defendants.  Plaintiff did not plead the "how, when, where, to whom, and by what means" of any statements.  *Lazar*, 12 Cal. 4th at 645.  As an initial matter, Plaintiff has not pled any actual misrepresentation.  Plaintiff has only pled that BACHLS made a conditional statement that Plaintiff "*may qualify*" for a loan modification; Plaintiff does not allege that BACHLS ever stated that Plaintiff did qualify or that his loan had been modified.  FAC ¶ 124.  Therefore, Plaintiff does not even allege a statement of fact, merely a conditional statement made by BACHLS.

Further, Plaintiff cannot properly allege justifiable reliance.  The skeletal FAC does not allege the actual misstatements upon which Plaintiff allegedly relied.  Even if Plaintiff had alleged an express promise to suspend foreclosure proceedings during loan modification discussions – which he has not – courts have dismissed claims of reliance on such promises.  *See e.g., Quinteros v. Aurora Loan Services,* -- F. Supp. 2d --, No 09-220 AWI GSA, 2010 WL 3817541, at * 5-6 (E.D. Cal. 2010) (dismissing promissory estoppel claim where plaintiff alleged reliance on oral statement by defendant that it would suspend foreclosure proceedings if plaintiff made monthly payments already due under mortgage in default).

---

[2] The purpose of these requirements are "to provide the Defendants with the fullest possible details of the charge so they are able to prepare a defense to this serious attack  . . . [T]he claim cannot be salvaged by references to the general policy favoring the liberal construction of pleadings." *Goldrich*, 25 Cal. App. 4th at 782.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**b.**      **Plaintiff Fails To Allege He Has Suffered Any Out Of Pocket Losses**

Plaintiff's fraud claims fail also because he has not alleged facts showing that he has suffered an identifiable out-of-pocket loss.  Cal. Civ. Code §1709; *Fladeboe v. American Isuzu Motors, Inc.*, 150 Cal. App. 4th 42, 66 (2007); *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* 57 Cal. App. 3d 104, 111 (1976).  A deception without a resultant hard dollar loss is not actionable fraud. *Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974-975  (2004); *Building Permit Consultants, Inc. v. Mazur*, 122 Cal. App. 4th 1400, 1475 (2004).

Nothing set forth in the FAC suggests that Plaintiff is out of pocket so much as a dollar because of the alleged misrepresentations.  Without a hard dollar loss, there is no damage to Plaintiff sufficient to support a claim for fraud.  5 Witkin California Procedure, Pleading, §731, pps. 150-151 (5th Ed. 2008); Civil Code, §3333.  Moreover, loan payments due under the Loan Agreement do not constitute damages.  *Auerback v. Great Western Bank,* 74 Cal. App. 4th 1172, 1185 (1999) (finding that plaintiffs did not present sufficient evidence of damages where plaintiffs were doing something they were legally bound to do).  Plaintiff makes the nonsensical allegation that BACHLS sought to "take additional monies from Plaintiff by false pretenses."  FAC ¶ 128.   Plaintiff's contractual obligation to make monthly mortgage payments under the notes that he willingly signed do not constitute "false pretenses."  Plaintiff's second and third causes of action should accordingly be dismissed.

**2.**      **Plaintiff's Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Fails Because Plaintiff Was Not Denied Any Benefits Under The Loan Agreement**

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract."  *Lawrence v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 5373, 31 (E.D. Cal. Jan. 25, 2010) (*quoting Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004)).  The implied covenant only supplements an existing contract.  *McCain v. Octagon Plaza, LLC,* 159 Cal. App. 4th 784, 799 (2008); *Racine & Laramie Ltd. v. Dept. of Parks & Recreation,* 11 Cal. App. 4th 1026, 1031-1035 (1992).  It does not impose additional obligations on the parties.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000).

Here, Plaintiff fails to articulate how he has been deprived of "the benefits of the contract."  1 B.E. Witkin, Summary of Cal. Law, Contracts, § 798 (10th ed.).  In fact, Defendants were only exercising their express contractual rights by moving forward with foreclosure proceedings.  In no way did Defendants prevent Plaintiff from fulfilling his obligations under the notes.  To the extent Plaintiff alleges a duty that requires Defendants to modify his loan, Plaintiff fails to allege facts sufficient to state a claim.  FAC ¶ 155(a).  Indeed, California statutes do not require a lender to provide a loan modification.  *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 213 (2010) (stating that California Civil Code "section 2923.6 merely expresses the *hope* that lenders will offer loan modifications on certain terms") (emph. in original).  Plaintiff cannot point to a single term of the contract with which BACHLS interfered. Accordingly, this claim must be dismissed.

### 3.    Plaintiff's Claim for Lack of Formation of Contract Is Impossibly Vague

Plaintiff's fifth claim for relief entitled "Lack of Formation of Contract" is simply unintelligible.  In conclusory terms, it states that there was "no meeting of the minds."  If Plaintiff by this cause of action, seeks rescission, then he must tender the funds distributed under the Notes.  Cal. Civ. Code § 1691.  Plaintiff has not done so here.  To the extent that Plaintiff seeks some other form of relief or makes some other claims through this cause of action, Defendants are unable to respond due to a complete lack of supporting factual allegations.

### 4.    Plaintiff's Requests For Declaratory Relief is Unsupported By An Actual Controversy Or Valid Underlying Claim

As a general matter, declaratory relief is a type of remedy, not an independent cause of action.  *Batt v. City and Cty. of San Francisco*, 155 Cal. App. 4th 65, 82 (2007).  When a plaintiff's other causes of action are without merit, his request for declaratory relief necessarily fails.  *See Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 607 (2001).  As established above, Plaintiff cannot maintain any valid cause of action, and there is therefore no basis for declaratory relief.

### D.    The FAC Should Be Dismissed Without Leave To Amend

"A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith."

MOTION TO DISMISS

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725 (9th Cir. 2000).  Here, any further attempt to

2   amend the FAC is futile.  Plaintiff's theory of recovery is simply one which does not afford

3   borrowers any relief.  There is no basis to grant Plaintiff an additional opportunity to delay the

4   foreclosure proceedings which were lawfully instituted many months after Plaintiff became

5   delinquent.  Plaintiff's claims as stated are inadequately pled, but more importantly, cannot be cured

6   with amendment.

7                                    **V. CONCLUSION**

8           The FAC should be dismissed with prejudice.  Plaintiff's theory of recovery is invalid and

9   contrary to the terms of the Loan Agreement.  Despite amending his pleading, Plaintiff again posits

10  theories which do not afford any relief.  Defendants therefore respectfully request that this motion be

11  granted in its entirety.

12

13

14          DATED: April 1, 2011

15                                              By____/s/ Matthew J. Brady_____
                                                    Attorney for Defendants
16                                                  Countrywide Home Loans, Inc. dba America's
                                                    Wholesale Lender, BAC Home Loans Servicing,
17                                                  LP, and Mortgage Electronic Registration Systems,
                                                    Inc.
18

19

20

21

22

23

24

25

26

27

28

Case No. CV10-05670                        – 10–                                    US_ACTIVE-105586192.1