David S. Reidy (SBN 225904)
dreidy@reedsmith.com
Matthew J. Brady (SBN 254333)
mbrady@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Countrywide Home Loans, Inc. dba America's
Wholesale Lender, BAC Home Loans Servicing,
LP, and Mortgage Electronic Registration
Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM B. KIMBALL,<br><br>               Plaintiff,<br><br>    vs.<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOAN SERVICING, LP, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1-10,<br><br>               Defendant. | Case No. CV10-05670<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>[Fed. R. Civ. Proc. 12(b)(6)]<br><br>Date:        June 16, 2011<br>Time:       1:30 p.m.<br>Place:       Dept. 4<br><br>First Amended FAC Filed: March 4, 2011<br>Honorable Lucy Koh |

## I.     INTRODUCTION

Plaintiff Jim Kimball's Opposition to Defendants'[1] Motion to Dismiss the First Amended Complaint ("FAC") clarifies his purported basis for relief in this action; it also confirms that Plaintiff's claims should be dismissed with prejudice.  In his Opposition, Plaintiff flatly states that because his loan was sold into a mortgage backed security, only the investor may foreclose.  Not so.  Plaintiff's assertion runs contrary to California law.  It should come as no surprise that the only authority Plaintiff offers comes from outside of California and is entirely unpersuasive.  A cursory

---

[1]  The moving defendants are Countrywide Home Loans, Inc. dba America's Wholesale Lender ("CHL"), BAC Home Loans Servicing, LP ("BACHL") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

review of California and Ninth Circuit authority makes several propositions clear.  First, a borrower may not bring an action to determine whether the owner of a note has authorized non-judicial foreclosure.  To do so would undermine California's nonjudicial foreclosure statutory framework.  Second, MERS has authority to initiate foreclosure, contrary to Plaintiff's claims.  Third, Plaintiff makes claims which are explicitly contradicted by the terms of the Deed of Trust which he signed.

At the end of the day, Plaintiff's opposition makes it clear that not only does his pleading fail to state a claim, but that his underlying theory of relief is invalid.  Plaintiff's transparent efforts to delay foreclosure despite reneging on his obligation to pay his mortgage should be quashed.

## II.   LEGAL ARGUMENT

### A.   Plaintiff May Not Maintain a Suit to Determine if the Noteholder Authorized Foreclosure

As is now made apparent by the Opposition, Plaintiff seeks "a determination as to the rights of the parties based on sufficient evidence to determine whether Defendants own the Notes at issue and/or whether Defendants are acting on behalf of the true owner(s) of the Notes."  Opp. at 3.  That request was explicitly held invalid in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011).

In *Gomes*, the plaintiff filed suit alleging that claims nearly identical to Kimball's.  There, the plaintiff alleged 1) that his loan was sold onto the secondary mortgage market; 2) that MERS did not have the authority to initiate foreclosure because it was only the nominee beneficiary; and 3) that he was entitled to determine by a declaratory relief action whether MERS had authority from the investor to initiate foreclosure.  *Id.* at 1152-53. The Court of Appeal affirmed the dismissal of all claims with prejudice and offered several significant insights crucial to the resolution of Plaintiff Kimball's action.

The Court held that "Civil Code sections 2924 through 2924k" provide the "comprehensive framework for regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  *Id.* at 1154 citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). With that in mind, the Court stated that Gomes "is seeking to impose the additional requirement that MERS demonstrate in court that it is authorized to initiate foreclosure.  As we will explain, such a

requirement would be inconsistent with the policy behind non-judicial foreclosure of providing a quick, inexpensive, and efficient remedy." *Gomes*, 192 Cal. App. 4th at 1154, n.5.  The Court went on to say that "by asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Gomes is attempting to interject the courts into this comprehensive nonjudicial scheme." *Id.* at 1154.  The Court further stated that "nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated." *Id.*   Finally, the Court held that "the recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits files solely for the purpose of delaying valid foreclosures." *Id.* at 1155.

*Gomes* disposes of Kimball's entire action as the FAC relies on two flawed propositions that squarely refuted in *Gomes*.  First, Plaintiff claims that he has the right to maintain an action solely to determine whether the investor authorized the initiation of nonjudicial foreclosure.  Opp. at 1, 3, 5.  *Gomes* held the opposite.  Plaintiff Kimball is trying to "interject the courts into th[e] comprehensive nonjudicial scheme" of Civil Code Section 2924 et seq. *Id*. at 1154.  If Plaintiff's first proposition were an acceptable basis on which to maintain a suit, Courts would be inundated with ligation simply to "make sure" that the investor authorized MERS to initiate foreclosure.   The Court in *Gomes* recognized that risk, and explicitly disposed of Plaintiff's purported basis for relief in this action.  Plaintiff's theory would fundamentally alter the nonjudicial foreclosure statutory framework, and turn each and every routine foreclosure, such as this case where Plaintiff admits no entitlement to his Property, into a fully litigated matter.  The law does not countenance Plaintiff's attempts at rewriting the California Civil Code.  Therefore, as an initial matter, Plaintiff may not even maintain this action to determine whether the investor authorized MERS to initiate foreclosure, which exposes the second flaw in Plaintiff's reasoning.

MERS has the authority to initiate foreclosure under California Civil Code section 2924 et seq. and under the Deed of Trust.  Plaintiff argues that MERS lacks the authority to initiate foreclosure because "they lack authority from the owner of the notes." Opp. at 9.  This reasoning is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  flawed as Plaintiff explicitly gave MERS the power to initiate foreclosure in the Deed of Trust.  The
2  Deed of Trust names MERS as the beneficiary.  Request for Judicial Notice ("RJN") Ex. A, p. 2.  If
3  a deed of trust contains an express provision granting a power of sale, a "***trustee, mortgagee or***
4  ***beneficiary or any of their authorized agents***" may institute the foreclosure process.  Civ. Code
5  § 2924(a)(1) (emph. added); *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005).  The Deed in this
6  action sates that "**MERS** (as nominee for Lender and Lender's successors and assigns) **has the**
7  **right**: to exercise any or all of those interests, including, but not limited to, the right **to foreclose**
8  **and sell the Property** . . . ."  RJN Ex. A, pps. 3-4 (emphasis added).

9  Again, *Gomes* is dispositive on this point.  As in *Gomes*, Kimball "has not asserted *any*
10 factual basis to suspect that MERS lacks authority to proceed with the foreclosure.  He simply seeks
11 the right to bring a lawsuit to find out *whether*  MERS has such authority.  No case law or statute
12 authorizes such a speculative suit." *Gomes,* 192 Cal. App. 4th at 1156.  "As stated in the deed of
13 trust, Gomes agreed by executing that document that MERS has the authority to initiate foreclosure.
14 Specifically, Gomes agreed that 'MERS (as nominee for Lender and Lender's successor and assigns)
15 . . . has the right to foreclose and sell the Property." *Id.*  at 1157.  Countless other Courts within this
16 jurisdiction that have addressed Plaintiff's assertions have come to the same conclusion. *See e.g.*
17 *Hollins v. Recontrust, N.A.*, 2011 WL 1743291, *3 (C.D.Cal.,2011) (citing *Gomes* and dismissing
18 claims that MERS had not shown authority to foreclose); *Monet v. Countrywide Home Loans,* 2011
19 WL 1196461, *2 (N.D.Cal.,2011) (holding that MERS has authority to foreclose, citing *Gomes*);
20 *Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, *8 (E.D.Cal. 2010) (same).

21 The similarities between Plaintiff's meritless claims and the meritless *Gomes* complaint are
22 striking.  The Court should follow the interpretation of the California Civil Code as articulated in
23 *Gomes* and hold the following:  Plaintiff cannot maintain an action simply to determine if an investor
24 authorized MERS to initiate foreclosure where Plaintiff explicitly gave MERS the authority to do so.
25 **B.     Each of Plaintiff's Claims Individually Fail**
26 Though Plaintiff's underlying entitlement to relief has now been established as invalid, each
27 individual claim also fails.
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### 1. Plaintiff's Claim for Declaratory Judgment Fails as There is no Controversy

Plaintiff defends this cause of action by stating that "Kimball has sufficiently questioned whether Defendants have the right to follow through with the trustee's sale already noticed with respect to the Subject Property." Opp. at 16. As established above, *Gomes* explicitly held that no such right of action exists. To create such a right would inject trial courts into *every* nonjudicial foreclosure action, which would clearly run contrary to the California Civil Code. In *Hollins*, the Court dismissed a nearly identical declaratory relief claim, holding that to the extent Plaintiff's claim that Defendant did not have authority to foreclose could not withstand a motion to dismiss. 2011 WL 1743291 at *3. The same reasoning applies to Kimball's FAC. Accordingly, there is no controversy sufficient to sustain a claim for declaratory judgment.

### 2. The FAC Fails to State a Claim for Breach of The Covenant of Good Faith and Fair Dealing

The Opposition posits two factual bases to maintain a cause of action for breach of the covenant of good faith and fair dealing. Opp. at 17. First, Plaintiff complains that the foreclosing entity does not have the authority, and second, Plaintiff complains that he has not seen sufficient proof that the investor authorized foreclosure. Both of these claims are plainly invalid in light of *Gomes* and the other authorities cited above. Plaintiff has no legal right to maintain an action solely to question the authority of the beneficiary, to whom Plaintiff contractually granted the right to foreclose on the property upon his default. Plaintiff's efforts to re-write the Note and Deeds should be discarded as frivolous and contrary to law.

### 3. Plaintiff's Quiet Title Claim Fails

Plaintiff's Quiet Title theory is premised on the same misunderstanding of California law. The Opposition states that "Defendants have no authority to exercise the rights under the" Deeds of Trust. Opp. at 18. That flawed theory has already been discussed and proven invalid.

### 4. Plaintiff Abandoned his Claims for Intentional Misrepresentation, Negligent Misrepresentation, and Lack of Formation of Contract

Plaintiff simply declined to defend the three causes of action for intentional misrepresentation, negligent misrepresentation, and lack of formation of contract asserted in the

FAC. Defendants moved to dismiss all of those claims for reasons articulated in the Motion to Dismiss. The Fraud claims are time-barred and inadequately pled. Motion at 6-8. The Lack of Formation of Contract claim is simply unintelligible. Given Plaintiff's decision to abandon these claims, the Court should dismiss them with prejudice.

### III.  CONCLUSION

Plaintiff's entire action relies on the misconception that he has standing to interject the trial and district courts into California's nonjudicial foreclosure scheme. That is not the law. The Court in *Gomes* made it clear that the exclusive remedy framework by which to examine a foreclosing entity's authority is through Civil Code section 2924 et seq. Plaintiff's underlying theory of relief is simply invalid. Accordingly, the FAC should be dismissed with prejudice.

DATED: June 2, 2011

/s/
Matthew J. Brady
REED SMITH LLP

Attorneys for Defendants
Countrywide Home Loans, Inc. dba America's Wholesale Lender, BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc.