David S. Reidy (SBN 225904)
dreidy@reedsmith.com
Matthew J. Brady (SBN 254333)
mbrady@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Countrywide Home Loans, Inc. dba America's
Wholesale Lender, BAC Home Loans Servicing,
LP, and Mortgage Electronic Registration
Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM B. KIMBALL,<br><br>             Plaintiff,<br><br>      vs.<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOAN SERVICING, LP, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1-10,<br><br>             Defendant. | Case No. CV10-05670<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        June 16, 2011<br>Time:        1:30 p.m.<br>Place:       Dept. 4<br><br>First Amended FAC Filed: March 4, 2011<br>Honorable Lucy Koh |

## I.    INTRODUCTION

The parties, by and through their respective counsel of record, conducted a good faith meet and confer for the purpose of discussing the issues addressed in Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.  Pursuant to Local Rule 16-9, Plaintiff Jim Kimball and defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender ("CHL"), BAC Home Loans Servicing, LP ("BACHL") and Mortgage Electronic Registration Systems, Inc. ("MERS")

(collectively "Defendants"). (collectively "Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties") hereby submit the following joint report reflecting the matters on which they agree and their respective views concerning the issues on which they disagree.

### II.     Jurisdiction And Service

The court has jurisdiction of this action pursuant to 28 USC §2201, California Code of Civil Procedure §1060-1062.5 (declaratory judgment) and California Code of Civil Procedure §761.020-761-.040 (quiet title), and 28 USC §1332 (a). This court also has, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.  All of the Defendants have been served.

**2.     Facts**

**A.     Plaintiffs' Contentions**

Plaintiff brought this action to prevent the improper taking and/or foreclosure his family home by Defendants who no longer own the debt secured by the Plaintiff's home.  The Plaintiff also alleges that BAC intentionally and negligently misled him into believing that he would be able to modify his mortgage and has suffered damages as a result. The Plaintiff further alleges claims for promissory estoppel, breach of the covenant of good faith and fair dealing, and quiet title against entities (and possibly individuals) that have assigned away any right or interest they may have held in the Plaintiff's property at some time.

**B.     Defendants' Contentions**

Defendants' contentions are more fully laid out in the motion to dismiss currently set for June 16, 2011.  In short, Defendants contend that this is a routine case where a borrower fell behind on his mortgage payments, which resulted in the initiation of foreclosure proceedings.  The Plaintiff is a sophisticated real estate investor and loan officer who owns at least five *additional* properties. Defendants contend that Plaintiffs' theory regarding securitization as well as their right to maintain

this suit is meritless.

### 3. Legal Issues

#### A. Plaintiffs' Contentions

Plaintiff's legal contentions are more thoroughly stated in its Opposition to Defendants Motion to Dismiss. Plaintiffs believe that they have stated facts sufficient to survive a Motion to Dismiss and have plead adequately that there exists a true controversy.

#### B. Defendants' Contentions

Defendants' view of the relevant legal issues is more thoroughly stated in its pending Motion to Dismiss. Defendants believe that the following legal issue is in dispute: Whether Plaintiff's theory, even assuming their facts as pled, affords them any relief.

### 4. Motions

The Court has already granted Defendants' Motion to Dismiss Plaintiffs' original complaint. Defendants currently have a Motion to Dismiss the First Amended Complaint set for hearing on June 16, 2011. If that motion is unsuccessful, Defendants intend to move for summary judgment.

### 5. Amendment of Pleadings

Plaintiff has amended his complaint once.

### 6. Evidence Preservation

Defendants and Plaintiffs have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The Parties request that initial disclosures be delayed until after the Court rules on both the Motion to Dismiss.

### 8. Discovery

In the event Defendants' Motion to Dismiss is denied, Defendants intend to depose Plaintiff and engage in written discovery. Plaintiffs intend to dispose persons who are likely to lead to discoverable information and intend to engage in written discovery.

### 9. Class Actions

Not Applicable.

**10.** **Related Cases**

None.

**11.** **Relief**

Plaintiff seeks the relief stated in the First Amended Complaint.  At this time, Defendants do not intend to file any counterclaims.

**12.** **Settlement and ADR**

The Parties have agreed to Mediation through the Court's ADR program.  A stipulation to that effect is filed concurrently with this statement.

**13.** **Consent**

The Parties do not consent to magistrate judge jurisdiction.

**14.** **Other References**

None.

**15.** **Narrowing of Issues**

None.

**16.** **Expedited Schedule**

The Parties do not believe this case is appropriate for an expedited schedule.

**17.** **Scheduling**

The Parties believe that it would be most efficient to defer setting any trial dates until after the Court rules on the Motion to Dismiss.  Alternatively, the Parties propose the following schedule:

Trial: March 5, 2011

Last Day To Hear Dispositive Motions: January 18, 2012

Fact Discovery Cutoff: December 16, 2011

**18.** **Trial**

Plaintiff previously demanded a jury trial. The Parties estimate the trial will take 5 days.

**19.** **Disclosure of Non-party Interested Entities or Persons**

BACHLS is controlled by BAC GP, LLC, and by BANA LP, LLC, which are both wholly owned by Bank of America, National Association ("BANA").  BANA is a wholly owned subsidiary of BANA Holding Corp., which is a wholly owned subsidiary of BAC North America Holding

1  Company, which is a wholly owned subsidiary of NB Holdings Corp., which is a wholly owned
2  subsidiary of Bank of America Corporation ("BAC").  BAC does not have any parent corporations
3  and no publicly held company has an ownership interest of 10% or more of BAC.

DATED: June 10, 2011           /s/ Matthew J. Brady

Matthew J. Brady
REED SMITH LLP

Attorneys for Defendants
Countrywide Home Loans, Inc. dba America's Wholesale Lender, BAC Home Loans Servicing, LP, and Mortgage Electronic Registration Systems, Inc.

DATED: June 9, 2011

/s/ Marcus R. Mumford
Marcus R. Mumford
Corvus Law Group

Attorneys for Plaintiff