UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIM B. KIMBALL,<br><br>    Plaintiff,<br>v.<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOAN SERVICING, LP; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10,<br><br>    Defendants. | Case No.: 10-CV-05670-LHK<br><br>ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

On December 14, 2010, Plaintiff Jim B. Kimball filed the instant action in federal court. The original Complaint identified two Defendants: Bank of America Home Loans, a Delaware corporation with its principal place of business in Charlotte, North Carolina; and Mortgage Electronic Registration Systems, Inc. ("MERS"), a Delaware corporation with its principal place of business in Reston, Virginia. Compl. ¶¶ 2-3. On February 9, 2011, the Court denied Plaintiff's *ex parte* application for a temporary restraining order, and Plaintiff filed a First Amended Complaint ("FAC") on March 4, 2011. The FAC names as Defendants America's Wholesale Lender, Countrywide Home Loans, BAC Home Loans Servicing, LP, and MERS. FAC ¶¶ 7-10.

Defendants have filed a motion to dismiss the FAC for failure to state a claim pursuant to Rule 12(b)(6), and the motion is set for hearing on June 16, 2011. However, having reviewed the FAC, the Court is concerned that it now lacks subject matter jurisdiction over this action.

1

1   Although Defendants have not moved to dismiss the Complaint on these grounds, this Court has a
2   continuing obligation to raise issues of subject matter jurisdiction whenever it appears that
3   jurisdiction may be lacking. Fed. R. Civ. Pro. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074,
4   1077 (9th Cir. 1983).

5   The action brought by Plaintiff consists of contract, property, and tort claims, based solely
6   on state law. FAC at 18-25. Accordingly, these claims in themselves do not provide a basis for
7   federal jurisdiction. In the FAC, Plaintiff asserts that the Court has diversity jurisdiction, citing 28
8   USC § 1332(a). FAC ¶ 14. Diversity jurisdiction exists in cases between citizens of different
9   states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). However,
10  "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from
11  *each* plaintiff . . . diversity jurisdiction is not . . . available when any plaintiff is a citizen of the
12  same State as any defendant." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74
13  (U.S. 1978); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)
14  ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single
15  plaintiff from the same State as a single defendant deprives the district court of original diversity
16  jurisdiction over the entire action."). Plaintiff alleges that he is a citizen California and that the
17  amount in controversy exceeds $75,000. FAC ¶ 6, 13. Accordingly, diversity jurisdiction exists if
18  none of the Defendants is a citizen of California.

19  Corporate citizenship is defined by 28 U.S.C. § 1332, which specifies that "a corporation
20  shall be deemed to be a citizen of any State by which it has been incorporated and of the State
21  where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Thus, a corporation is
22  typically a citizen of two states for determining the existence of diversity jurisdiction: the state of
23  incorporation and the state in which it has its principal place of business." *Breitman v. May Co.*
24  *California*, 37 F.3d 562, 564 (9th Cir. 1994). Here, the FAC states that Defendant BAC Home
25  Loan Servicing, LP is a California corporation with its principal place of business in Simi Valley,
26  California. FAC ¶ 4; 28 U.S.C. § 1332(c)(1). Plaintiff further states that Defendants America's
27  Wholesale Lender Services and Countrywide Home Loans have their principal places of business
28  in California. Thus, from the face of the amended complaint, it appears that Defendants BAC

Home Loan Servicing, LP, America's Wholesale Lender, and Countrywide are California citizens. Because Plaintiff is also alleged to be a California citizen, diversity jurisdiction is not available on the pleaded facts.

Plaintiff also asserts federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. FAC ¶ 13. The Declaratory Judgment Act, however, "does not by itself confer federal subject-matter jurisdiction," and a party seeking relief under the Act is "required to plead an independent basis for federal jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Accordingly, Plaintiff's claim under 28 U.S.C. § 2201 does not establish federal jurisdiction.

Finally, while Plaintiff suggests the Court has jurisdiction under 28 U.S.C. § 1367, where "original jurisdiction [is destroyed] with respect to all claims . . . there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobil*, 545 U.S. at 5554. For the reasons stated above, this Court appears to lack original jurisdiction over Plaintiff's claims as pled. Supplemental jurisdiction is therefore not available.

Accordingly, the Court ORDERS Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response no later than June 20, 2011. If Defendants wish to respond to Plaintiff's arguments or otherwise address the issue, Defendants may also file a response no later than June 27, 2011. **If Plaintiff fails to respond to the Order to Show Cause, the case will be dismissed for lack of subject matter jurisdiction.** The June 16, 2011 hearing on Defendants' motion to dismiss is hereby VACATED and consideration of the motion is deferred until the Court determines that it has jurisdiction over this action.

**IT IS SO ORDERED.**

Dated: June 10, 2011

_____
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-05670-LHK
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION